Howell, J.
On the 5th September, 1865, judgment was rendered upon two promissory notes, by the District Court in the parish of Terrebonne, against Washington Tanner, on his confession, in favor of E. L. Mead', testamentary executor ; execution issued thereon, and certain movable property was seized on 10th of same month, and on 4th November was sold for the net amount of §288 43. On 16th October, 1865, Mrs. Elizabeth Jordan, wife of R. D. Jordan, obtained judgment in the same Court against said Tanner, upon his confession, for §750, for three years’ rent of a tract of land, and the improvements thereon, with lessor’s privilege upon all the movables on the premises occupied by him.
On the 18th October, 1865, this suit was instituted by the said Mrs. Jordan, separate in property from her husband, as a third opxaosition, claiming a superior privilege on the proceeds of the property sold under the fieri faeicts, issued on the judgment in favor of Mead, testamentary executor ; the property thus sold being that alleged to be sirbjeet to the lessor’s privilege, allowed in the judgment in favor of Mrs. Jordan.
The defense is a general denial, and a special denial that plaintiff is separate in property ; that she is the owner of the property occupied by Tanner, or that any rent was due by him to plaintiff; and the averment, that the judgment for the alleged rent was obtained by consent, and for the purpose of defrauding Tanner’s creditors.
Judgment was rendered in favor of défendant, and plaintiff appealed.
The only question, which it is important to determine, is whether or not the evidence establishes, as against the defendant in this action, the *102 relation of landlord and tenant between Mrs, Jordan and Washington Tanner, so as to entitle the former to the privilege accorded by law to lessors.
The record and judgment in the suit for rent were introduced to prove rem ipsam only, and we can find no evidence in the record to prove a contract of lease. Admitting that the act of 1865 (No. 42, p. 80), amending Art. 2653, and declaring that “no lease of real estate shall be proved by parol,” cannot be invoked in this case, and that parol evidence has been received without objection, such evidence does not establish a contract between the parties.
Article 2640 O. O. declares that, to the contract of lease, as to that of ■ sale, “three things are absolutely necessary, to wit: the thing, the price, and the consent. ” The price should be certain and determinate, and it may be fixed by a third person named. Arts. 2341, 2342. Here no determinate price is shown. One witness says the premises are worth twenty or twenty-five dollars per month; two others say that they are w’orth $250 per annum. No one says the occupant was to pay either or any sum. The acknowledgment of the occupant in the suit against him is not evidence against this defendant; and “the mere occupancy of property does not necessarily imply the relation of lessor and lessee, and thus give rise to the landlord’s lien and privilege. ” 11 R. 280. 7 A. 654. 17 A. 22.
Judgment affirmed.